# U N I T E D   S T A T E S   D I S T R I C T   C O U R T
## D I S T R I C T   O F   N E W   J E R S E Y



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
     JUDGE

## <u>LETTER OPINION</u>

July 14, 2009


Edward W. Ciolko
Joseph H. Meltzer
Peter Houghton Levan, Jr.
Barroway Topaz Kessler Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087


Mark Hanna
Murphy Anderson PLLC
1701 K Street, NW  Suite 210
Washington, DC  20006
    (*Attorneys for Plaintiff*)


Diane A. Bettino
Reed Smith, LLP
Princeton Forrestal Village
136 Main Street
Suite 250
Princeton, NJ  08540
    (*Attorney for Defendant*)


    **RE:**    **Trustees of the Local 464A United Food and Commercial Workers Union Pension Fund, et al. v. Wachovia Bank, N.A. et al.**
                  **<u>Civ. No. 09-668 (WJM)</u>**

Dear Counsel:

This matter comes before the Court on the motion to dismiss filed by Defendants Wachovia Bank, N.A., Evergreen Investment Management Company, LLC, Tattersall Advisory Group and Wells Fargo & Company.  There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, the motion to dismiss is **GRANTED** as to Defendant Wells Fargo and **DENIED** as to the remaining Defendants.

## I.     BACKGROUND

This is an action brought by the Officers of the Local 464A United Food and Commercial Workers Union ("the Union") and the Trustees of the Union's pension, retirement, and building funds against their investment managers.  Individually, Plaintiffs are the Trustees of the Union's Pension Fund, Finast Pension Fund ("Finast Fund"), the Officers, Business Representatives and Office Employees Retirement Plan ("Office Staff Plan"), the Union's Welfare and Building Fund ("Building Fund"), and the Officers of the Union itself.[1]

Defendants in this action are Wachovia Bank, N.A. ("Wachovia"), Evergreen Investment Management ("Evergreen"), Tattersall Advisory Group ("Tattersall") and Wells Fargo & Co. ("Wells Fargo").  Plaintiffs entered into an investment agreement with Defendant Wachovia to manage the assets of the aforementioned funds.  *See* Compl. ¶¶ 16, 17, 33, 34. Wachovia then delegated management of the funds' fixed-income assets to Defendant Evergreen.  Compl. ¶ 18.  In turn, Evergreen delegated management of the Pension Fund's fixed-income assets to Defendant Tattersall.  *Id.*

The Pension Fund's fixed-income assets were kept in an individually-managed account, while the fixed-income assets of the Finast Fund, Office Staff Plan and Building Fund were placed in a mutual fund – the Evergreen Core Bond Fund.  *See* Compl. ¶¶ 18, 19.  Both Tattersall and Wachovia invested a portion these funds' assets in non-agency

---

[1] The Complaint distinguishes between those Plaintiffs bringing claims under the Employee Retirement Income Security Act ("ERISA") and those who do not.  While unexplained in the briefing, this distinction appears relevant because the non-ERISA Plaintiffs – the Union and the Building Fund – bring common law claims.  *See infra*.  If these common law claims related to an "employee benefit plan," they would be subject to preemption by ERISA.  *See* 29 U.S.C. §§ 1002(1), 1144(a).  However, since these claims are brought on behalf of a trust "manag[ing] the facilities in which the Union, the Pension Fund and other ERISA employee benefit plans sponsored by the UFCW Local 464A reside," it appears that these claims are not brought pursuant to a covered plan.  *See* Compl. ¶ 9.  Accordingly, preemption does not apply.

mortgage-backed securities ("MBSs") and collateralized mortgage obligations ("CMOs"). *See* Compl. ¶ 28.

Plaintiffs filed the instant Complaint in February 2009.  Their claims arise from alleged investment losses suffered in these fixed-income portfolios due to their heavy concentration in the non-agency MBSs and CMOs.  *See, e.g.* Compl. ¶¶ 52-55.  In particular, Plaintiffs contend that the Pension Fund's fixed-income portfolio lost more than 50% of its value – or $60 million – during 2008 due to these investments. *See* Compl. ¶ 54.  In addition, Plaintiffs allege that the Evergreen Core Bond Fund investments lost approximately 30% during 2008.  *See* Compl. ¶ 55.  During this period, the Lehman Aggregate Bond Index, which Plaintiffs put forth as a benchmark index, was stable.  *See* Compl. ¶¶ 52, 55.

In lieu of answering, Defendants filed the instant motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    DISCUSSION

Plaintiffs bring four claims in their Complaint:  (1) failure to prudently and loyally manage Plaintiffs' assets in violation of the Employee Retirement Income Security Act ("ERISA") (against all Defendants); (2) failure to adequately monitor other fiduciaries in violation of ERISA (against Wachovia only); (3) common law breach of fiduciary duty (against all Defendants); and (4) breach of contract (against all Defendants).  Defendants now move to dismiss all counts under Rule 12(b)(6) for failure to state a claim and Counts Three and Four only pursuant to Rule 12(b)(1) for lack of jurisdiction.  Each claim will be addressed in turn.

### A.    Motion to Dismiss Standard

In evaluating a motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). All allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).  This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

3

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Furthermore, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility..." *Iqbal*, 129 S.Ct. at 1949 (2009).

### B.    Motion to Dismiss All Counts Asserted Against Defendant Wells Fargo

Defendant Wells Fargo moves to dismiss Counts One, Three, and Four of the Complaint.[2] Wells Fargo argues that Plaintiffs have failed to allege that it was Plaintiffs' fiduciary or had any relationship otherwise with Plaintiffs. Further, Wells Fargo notes that Plaintiffs make no specific allegations as to its conduct; instead, Plaintiffs name Wells Fargo solely as "a successor in interest to Wachovia Corp.," as a result of a stock-for-stock merger that occurred on December 31, 2008. *See* Compl. ¶ 14.

While Wells Fargo is named as a successor in interest to "Wachovia Corp.," Defendants are correct that the Complaint lacks any substantive allegations regarding Wachovia Corporation. Instead, Plaintiffs name Wachovia Bank, N.A. as the Wachovia defendant in this matter. Since there are no allegations as to Wachovia Corporation, the Court struggles to ascertain how Wells Fargo, as its successor, assumed any relationship to Plaintiffs. As such, the claims against Wells Fargo as "successor in interest" must be dismissed.

Even assuming that Plaintiffs intended to assert that Wells Fargo is the successor in interest to Wachovia Bank, N.A., Plaintiffs still fail to establish any fiduciary obligation by Wells Fargo. Defendants represent that "Wells Fargo did not merge with Wachovia Bank, N.A. ... it is merely the parent corporation." Defs.' Reply Br. 11. As a general principle, "a parent corporation (so-called because of control through ownership

---

[2] Although Wells Fargo notes that Count Two of the Complaint purports to state a claim only against Defendant Wachovia, *see* Defs.' Br. 29,  Plaintiffs assert in their opposition brief that this Count is impliedly asserted against Wells Fargo as well based on a successor liability theory.  *See* Pls.' Opp. Br. 28 n.9.

4

of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61(1998).  Here, Plaintiffs make no substantive allegations to compel departure from this bedrock principle.  Absent a showing sufficient to pierce the corporate veil, there is no basis upon which to find a fiduciary relationship between Wells Fargo and Plaintiffs.  Accordingly, the motion to dismiss is granted as to all counts asserted against Defendant Wells Fargo.

### C.    Count One – Failure to Prudently and Loyally Manage Plaintiffs' Assets

In Count One, the ERISA Plaintiffs allege that Defendants breached their fiduciary and co-fiduciary duties under sections 404(a) and 405(a) of ERISA by failing to manage the funds' assets prudently and loyally.  *See* 29 U.S.C. §§ 1104(a), 1105(a).  Specifically, the ERISA Plaintiffs allege that Defendants breached their obligations by failing to: (1) invest prudently; (2) diversify so as to minimize the risk of large losses; and, (3) disclose material information.

#### i.    Duty to Invest Prudently

Under section 404(a)(1)(B) of ERISA, a fiduciary[3] is required to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."  29 U.S.C. § 1104(a)(1)(B).  Pursuant to Third Circuit precedent, this "prudent man" test is based neither on the performance of the investment nor hindsight.  *See In re Unisys Sav. Plan Litig.*, 74 F.3d 420, 434 (3d Cir. 1996) ("Unisys"); *see also Olsen v. Hegarty*, 180 F. Supp. 2d 552, 569 (D.N.J. 2001) ("Whether the Defendants have violated their fiduciary duty of prudence cannot be decided solely based on a comparison of the Plan's performance in light of the ideal return of a portfolio with a similar purpose over the same time period.").  Instead, prudence is gauged according to an objective standard, focusing on whether the fiduciary used appropriate methods to investigate the merits of a particular investment based on the character and the aims of the plan served. *See Unisys*, 74 F.3d at 434.

Plaintiffs predicate their duty of prudence claim on Defendants' "substantial investment" of the fixed-income portfolios in MBSs and CMOs.  Compl. ¶ 87.  Despite the conservative investment aims of the funds, *see* Compl. ¶ 42, Plaintiffs contend that Defendants "increased the fixed-income portfolios' allocation of non-agency MBSs and

---

[3] For the purposes of this motion, Defendants Wachovia, Evergreen, and Tattersall accept as true Plaintiffs' allegation that they are ERISA fiduciaries. *See* Defs.' Br. 15 n.6.

CMOs" after the problems within the mortgage and credit markets came to light. Compl. ¶ 58. This increased allocation in MBSs and CMOs necessarily led to reduced positions in conservative investments like treasuries and agency paper. *See id*. In turn, Defendants move to dismiss, arguing that Plaintiffs' complaint lacks specificity and fails to include facts showing that "the fiduciary had not made the necessary investigation at the time the investment decisions were made." Defs.' Moving Br. 17.

While Defendants correctly note that Plaintiffs' repetition of the word "risky" is insufficient to state a claim, the allegations that Defendants continued to invest in MBSs and CMOs despite problems in the mortgage and credit markets are sufficient. As the Third Circuit noted in *Unisys*, "the thoroughness of a fiduciary's investigation is measured not only by the actions it took in performing it, but by the facts that an adequate evaluation would have uncovered." 74 F.3d at 436. Here, Plaintiffs allege that the warning signs began to appear in early 2007, signaling problems in the mortgage and credit markets. *See* Compl. ¶¶ 56-58. Despite these warnings, Plaintiffs allege that Defendants increased the fixed-income portfolios' allocation of MBSs and CMOS throughout 2007. *See* Compl. ¶ 57. As such, Plaintiffs were exposed directly to the volatility of the mortgage market at a time in which mortgage loan defaults were rising.

Defendants counter by arguing that the "warning signs" alleged in the Complaint pertain only to subprime mortgages, rendering them irrelevant since there is no allegation that Defendants invested in subprime MBSs and CMOs. The Court's reading of the Complaint is somewhat broader. Plaintiffs allege that "the substantial increase in mortgage loan defaults had a tremendous impact on the mortgage market." Compl. ¶ 57. While Plaintiffs go on to cite to an article discussing subprime mortgages, the Complaint as a whole pleads warning signs that go beyond simply the subprime market. Compl. ¶¶ 44-49, 58-59.

Thus, construing these facts in the light most favorable to Plaintiffs, they have stated a claim that is plausible on its face. Plaintiffs do so by pleading that an adequate investigation would have revealed the imprudence of an increased allocation of MBSs and CMOs given the fixed-income character and conservative aims of the funds. Although the Court cannot predict how it will view this count if disputed facts are introduced, at this juncture, the allegations are sufficient to survive a motion to dismiss.

ii.    *Duty to Diversify*

Defendants also argue that Plaintiffs failed to set forth the requisite elements of a duty to diversify claim under ERISA section 404(a)(1)(C). Specifically, Defendants contend that this claim is stated in a conclusory fashion without factual support. The

Court disagrees.

Under section 404(a)(1)(C), a fiduciary must "diversify[] the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so." 29 U.S.C. § 1104(a)(1)(C). This duty to diversify generally prohibits a fiduciary from investing disproportionately in a particular investment. *See Unisys*, 74 F.3d at 438. While a fiduciary may not invest disproportionately, the Third Circuit has counseled that the duty to diversify cannot be measured by "hard and fast rules." *Id.* Instead, "the degree of investment concentration that would violate this requirement cannot be stated as a true percentage, because a prudent fiduciary must consider the facts and circumstances of each case." *Id.*

In the Complaint, Plaintiffs allege that Defendants breached their duty to diversify by overweighting the fixed-income portfolios with MBSs and CMOs. Plaintiffs further plead that the fund portfolios held 31% of their assets in CMOs in November 2008. Compl. ¶ 53. While investment of approximately one-third of the portfolios in a particular type of asset is not *per se* violative of the duty to diversify, the Court must look beyond the percentages to the facts and circumstances of this case in order to assess diversification.

Here, Plaintiffs pled that this proportion of their fixed-income assets remained in CMOs and MBSs after the credit crisis began. Compl. ¶¶ 47, 48, 53. Considering the stated aims of the Funds and the economic climate at the time, investing approximately one-third of Plaintiffs' assets in CMOs does not appear to "minimize the risk of large losses." *See* 29 U.S.C. § 1104(a)(1)(C).

While Defendants note that Plaintiffs have not alleged facts demonstrating that the mortgage loans supporting the CMOs were inadequately diversified, such a showing is not required under the notice pleading requirements of Rule 8(a). *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.") "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Twombly*, 550 U.S. at 555).

In their Complaint, Plaintiffs have alleged sufficient facts to put Defendants on notice of their breach of fiduciary duty claim. Accordingly, Defendants' motion to

dismiss Count One is denied.[4]

### D.    Count Two – Failure to Adequately Monitor Other Fiduciaries

In this count, the ERISA Plaintiffs assert that Defendant Wachovia breached its implied duty to monitor Defendants Evergreen and Tattersall.  Plaintiffs contend that "[a]s a monitoring fiduciary, Wachovia Bank was responsible for ensuring that Evergreen and Tattersall invested and managed the Plans' fixed-income portfolios in the manner of a reasonably prudent fiduciary acting under like circumstances."  Compl. ¶ 96.

Defendants' sole basis for dismissal is that Count Two is wholly derivative of Count One.  Defs.' Br. 27.  As such, Defendants argue that dismissal of Count One necessitates dismissal of Count Two.  In light of the foregoing discussion, this argument fails on its face.  Since Defendant Wachovia does not otherwise attack the merits of this count, the motion to dismiss Count Two is denied.

### E.    Counts Three and Four – Common Law Breach of Fiduciary Duty and Breach of Contract

Counts Three and Four of the Complaint are not ERISA counts; instead, the non-ERISA Plaintiffs – the Union and the Building Fund – assert supplemental common law claims for breach of fiduciary duty and breach of contract against all Defendants.

Defendants first move for dismissal under Rule 12(b)(1), stating that this Court lacks jurisdiction over the supplemental claims.  Again, this argument is based on Defendants' contention that the jurisdiction-conferring claims – the ERISA-based Counts One and Two – should be dismissed.  Since Defendants contend that these jurisdiction-conferring counts must be dismissed, they argue in turn that the Court lacks jurisdiction to consider the remaining supplemental claims.  *See* 28 U.S.C. §§ 1331, 1367.  This argument fails for the reasons stated above.  The motions to dismiss Counts One and Two are denied.

Further, Defendants advocate that "the claims be dismissed under Rule 12(b)(6) for the reasons asserted in previous sections of this brief."  Defendants provide no additional arguments in support of this 12(b)(6) motion.  Since the Court has denied Defendants' motion to dismiss the other counts, *supra*, the Court likewise denies the

_____

[4] Plaintiffs allege additional breaches of fiduciary duties in Count One.  Having identified two separate bases under which Plaintiffs state a claim, the Court need not pass on the additional grounds raised in support of Count One at this time.

motion to dismiss Counts Three and Four.

III.    CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED** as to Defendant Wells Fargo and **DENIED** as to Defendants Wachovia Bank, N.A., Evergreen Investment Management Company, LLC, and Tattersall Advisory Group.  An Order accompanies this Letter Opinion.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**