**REED SMITH LLP**
*Formed in the State of Delaware*
**Diane A. Bettino, Esquire**
**Princeton Forrestal Village**
**136 Main Street, Suite 250**
**Princeton, N.J. 08540**
**Tel. (609) 987-0050**

**REED SMITH LLP**
*Formed in the State of Delaware*
**Thomas L. Allen, Esquire**
**225 Fifth Avenue**
**Pittsburgh, PA 15222**
**Tel. (412) 288-3131**

**Attorneys for Defendants,**
**Wachovia Bank, N.A., Evergreeen Investment**
**Management Company, LLC, and Tattersall**
**Advisory Group**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY – NEWARK VICINAGE

------------------------------------------------------X

TRUSTEES OF THE LOCAL 464A    :
UNITED FOOD AND COMMERCIAL    :    Civil Action No: 2:09-cv-668-WJM-MF
WORKERS UNION PENSION FUND,    :
TRUSTEE OF THE LOCAL 464A    :
FINAST PENSION FUND, TRUSTEES    :
OF THE LOCAL 464A OFFICERS,    :    **AMENDED ANSWER AND**
BUSINESS REPRESENTATIVES &    :    **AFFIRMATIVE DEFENSES OF**
OFFICE EMPLOYEES RETIREMENT    :    **WACHOVIA BANK, N.A.,**
PLAN, TRUSTEES OF THE LOCAL    :    **EVERGREEN INVESTMENT**
464A WELFARE AND PENSION    :    **MANAGEMENT COMPANY, LLC,**
BUILDING FUND, and the OFFICERS    :    **AND TATTERSALL ADVISORY**
OF UFCW LOCAL 464A,    :    **GROUP**
   :
     Plaintiffs,    :
   :
     v.    :
   :
WACHOVIA BANK, N.A.,    :
EVERGREEN INVESTMENT    :
MANAGEMENT COMPANY, LLC, and    :
TATTERSALL ADVISORY GROUP,    :
   :
     Defendants.    :
   :

------------------------------------------------------X

Defendants Wachovia Bank, N.A., Evergreen Investment Management Company, LLC, and Tattersall Advisory Group ("Defendants"), by their counsel, file their Answer and Affirmative Defenses to the Complaint as follows:

## ANSWER

Each numbered paragraph of this Answer constitutes Defendants' answer to the same numbered paragraph of Plaintiffs' Complaint. (Because the Complaint uses paragraph numbers 1-6 twice, Defendants will specify to which of the same numbered paragraphs their answer applies.) Defendants deny all allegations of Plaintiffs' Complaint, except those specifically admitted in this Answer.

1 (Introduction). Defendants deny the allegations contained in Paragraph 1 of the Complaint (Introduction).

2 (Introduction). Defendants deny the allegations contained in Paragraph 2 of the Complaint (Introduction).

3 (Introduction). Defendants deny the allegations contained in Paragraph 3 of the Complaint (Introduction).

4 (Jurisdiction and Venue). Paragraph 4 of the Complaint (Jurisdiction and Venue) contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 4 of the Complaint (Jurisdiction and Venue).

5 (Jurisdiction and Venue). Paragraph 5 of the Complaint (Jurisdiction and Venue) contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 5 of the Complaint (Jurisdiction and Venue).

6 (Jurisdiction and Venue).  Paragraph 6 of the Complaint (Jurisdiction and Venue) contains conclusions of law to which no response is required.  To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 6 of the Complaint (Jurisdiction and Venue).

1 (Parties).     Paragraph 1 of the Complaint (Parties) contains conclusions of law to which no response is required.  To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 1 of the Complaint (Parties).  Defendants are without knowledge or information sufficient to form a belief as to the accuracy or veracity of the factual allegations of Paragraph 1 of the Complaint (Parties) and, accordingly, those allegations are denied.

2 (Parties).     Paragraph 2 of the Complaint (Parties) contains conclusions of law to which no response is required.  To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 2 of the Complaint (Parties).  Defendants are without knowledge or information sufficient to form a belief as to the accuracy or veracity of the factual allegations of Paragraph 2 of the Complaint (Parties) and, accordingly, those allegations are denied.

3 (Parties).     Paragraph 3 of the Complaint (Parties) contains conclusions of law to which no response is required.  To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 3 of the Complaint (Parties).  Defendants are without knowledge or information sufficient to form a belief as to the accuracy or veracity of the factual allegations of Paragraph 3 of the Complaint (Parties) and, accordingly, those allegations are denied.

4 (Parties).     Paragraph 4 of the Complaint (Parties) contains conclusions of law to which no response is required.  To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 4 of the Complaint (Parties).

5 (Parties).     Paragraph 5 of the Complaint (Parties) contains conclusions of law to which no response is required.  To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 5 of the Complaint (Parties).

6 (Parties).     Defendants are without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations of Paragraph 6 of the Complaint (Parties) and, accordingly, those allegations are denied.  By way of further answer, Defendants deny the allegations of Paragraph 6 of the Complaint (Parties), purporting to characterize the contents of the Trust Agreement, on grounds that the document speaks for itself.

7.     Defendants deny the allegations of Paragraph 7 of the Complaint, purporting to characterize the contents of this document, on grounds that the document speaks for itself.

8.     Defendants deny the allegations of Paragraph 8 of the Complaint, purporting to characterize the contents of this document, on grounds that the document speaks for itself.

9.     Paragraph 9 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 9 of the Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the accuracy or veracity of the factual allegations of Paragraph 9 of the Complaint and, accordingly, those allegations are denied.

10.     Paragraph 10 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 10 of the Complaint.  Defendants are without knowledge or information

sufficient to form a belief as to the accuracy or veracity of the factual allegations of Paragraph 10 of the Complaint and, accordingly, those allegations are denied.

11.   Paragraph 11 of the Complaint sets forth a convention to which no response is necessary.

12.   Admit.

13.   Admit.

14.   The Court has dismissed Wells Fargo & Co. as a defendant in this case. Accordingly, no response to Paragraph 14 of the Complaint is required. To the extent a response is required, Defendants deny the allegations of Paragraph 14 of the Complaint.

15.   Paragraph 15 of the Complaint sets forth a convention to which no response is necessary. By way of further answer Defendants object to the convention as it implies and is the product of improper legal inference and is intentionally confusing.

16.   Defendants deny the allegations of Paragraph 16 of the Complaint, purporting to characterize the contents of this document, on grounds that the document speaks for itself.

17.   Defendants deny the allegations of Paragraph 17 of the Complaint, purporting to characterize the contents of this document, on grounds that the document speaks for itself.

18.   Denied as stated.

19.   Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.   Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.   Paragraph 21 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 21 of the Complaint. By way of further answer, Defendants deny the allegations of Paragraph 21 of the Complaint, purporting to characterize the contents of this document, on grounds that the document speaks for itself.

22.     Paragraph 22 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Wachovia denies the allegations contained in Paragraph 22 of the Complaint.  By way of further answer, Wachovia denies the allegations of Paragraph 22 of the Complaint, purporting to characterize the contents of this document, on grounds that the document speaks for itself.  Because the allegations of this Paragraph do not refer or relate to the other, remaining Defendants, the allegations do not require a response from the remaining Defendants.  To the extent that a response may be required, after reasonable investigation, the remaining Defendants are without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations contained in Paragraph 22 of the Complaint, and accordingly, those allegations are denied.

23.     Defendants deny the allegations of Paragraph 23 of the Complaint.

24.     Defendants deny the allegations of Paragraph 24 of the Complaint.

25.     Defendants deny the allegations of Paragraph 25 of the Complaint.

26.     Defendants deny the allegations of Paragraph 26 of the Complaint.

27.     Defendants deny the allegations of Paragraph 27 of the Complaint.

28.     Defendants deny the allegations of Paragraph 28 of the Complaint.

29.     Defendants deny the allegations of Paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint merely states Plaintiffs' intent, to which no response is required. To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations of Paragraph 33 of the Complaint (including footnote 1 thereto), purporting to characterize the contents of a document, on grounds that the document speaks for itself.

34.     Paragraph 34 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, Defendants deny the allegations of Paragraph 34 of the Complaint, purporting to characterize the contents of this document, on grounds that the document speaks for itself.

35.     Wachovia admits that portion of Paragraph 35 of the Complaint which alleges that Wachovia received compensation in return for its services, and denies the remaining allegations contained in Paragraph 35 of the Complaint.  Because the allegations of this Paragraph do not refer or relate to the other, remaining Defendants, the allegations do not require a response from the remaining Defendants.  To the extent that a response may be required, after reasonable investigation, the remaining Defendants are without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations contained in Paragraph 35 of the Complaint, and accordingly, those allegations are denied.

36.     Paragraph 36 of the Complaint contains conclusions of law to which no response is required.  In addition, Defendants deny the allegations of Paragraph 36 of the Complaint, purporting to characterize the contents of this document, on grounds that the document speaks for itself.  To the extent that a further response may be required, Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint contains conclusions of law to which no response is required.  In addition, Defendants deny the allegations of Paragraph 37 of the Complaint, purporting to characterize the contents of this document, on grounds that the document speaks for itself.  To the extent that a further response may be required, Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations of Paragraph 38 of the Complaint, purporting to characterize the contents of this document, on grounds that the document speaks for itself.  To the extent that a further response may be required, Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants are without knowledge or information sufficient to form a belief as to the accuracy or veracity of the factual allegations of the first two sentences of Paragraph 39 of the Complaint and, accordingly, those allegations are denied.   Defendants deny the allegations of the third sentence of Paragraph 39 of the Complaint as argumentative.  To the extent that a further response may be required, Defendants deny the allegations contained in the third sentence of Paragraph 39 of the Complaint.

40.     Admit.

41.     The allegations are denied as stated.  It is admitted only that Tattersall managed the Evergreen Core Bond Fund and that Tattersall managed the Pension Fund's fixed income portfolio for a limited period of time.

42.     Defendants deny the allegations of Paragraph 42 of the Complaint.

43.     Defendants deny the allegations of Paragraph 43 of the Complaint.

44.     Defendants deny the allegations of Paragraph 44 of the Complaint.

45.     Defendants deny the allegations of Paragraph 45 of the Complaint.  By way of further answer, the allegations of this Paragraph oversimplify complex economic facts, forces and factors and are argumentative.

46.     Defendants deny the allegations of Paragraph 46 of the Complaint.  By way of further answer, the allegations of this Paragraph oversimplify complex economic facts, forces and factors and are argumentative.

47.     Defendants deny the allegations of Paragraph 47 of the Complaint.  By way of further answer, the allegations of this Paragraph oversimplify complex economic facts, forces and factors and are argumentative.

48.     Defendants deny the allegations of Paragraph 48 of the Complaint.  By way of further answer, the allegations of this Paragraph oversimplify complex economic facts, forces and factors and are argumentative.

49.     Defendants deny the allegations of Paragraph 49 of the Complaint and specifically the allegation that Defendants imprudently invested Plan assets.  By way of further answer, the allegations of this Paragraph oversimplify complex economic facts, forces and factors and are argumentative.

50.     Defendants deny the allegations of Paragraph 50 of the Complaint.

51.     Defendants deny the allegations of Paragraph 51 of the Complaint.

52.     Defendants deny the allegations of Paragraph 52 of the Complaint.

53.     Defendants deny the allegations of Paragraph 53 of the Complaint.

54.     Defendants deny the allegations of Paragraph 54 of the Complaint.

55.     Defendants deny the allegations of Paragraph 55 of the Complaint.

56.     Defendants deny the allegations of Paragraph 56 of the Complaint.

57.     Because the allegations of Paragraph 57 of the Complaint do not refer or relate to the Defendants, the allegations do not require a response.  To the extent that a further response may be required, Defendants deny the allegations of Paragraph 57 of the Complaint as argumentative.

58.     Defendants deny the allegations of Paragraph 58 of the Complaint.

59.     Defendants deny the allegations of Paragraph 59 of the Complaint.

60.     Defendants deny the allegations of Paragraph 60 of the Complaint, purporting to characterize the contents of this document, on grounds that the document speaks for itself.  To the extent that a further response may be required, Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations of Paragraph 61 of the Complaint, purporting to characterize the contents of this document, on grounds that the document speaks for itself.  To the extent that a further response may be required, Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, it incorrectly summarizes ERISA § 404 and, therefore, Defendants deny the allegations of Paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint contains conclusions of law to which no response is required.  Defendants deny the allegations of Paragraph 64 of the Complaint, purporting to characterize the contents of the Investment Guidelines, on grounds that the document speaks for itself.  In addition, Defendants deny the remaining allegations of Paragraph 64 of the Complaint.

65.     Defendants deny the allegations of Paragraph 65 of the Complaint.

66.    Defendants deny the allegations of Paragraph 66 of the Complaint.

67.    Defendants deny the allegations of Paragraph 67 of the Complaint.

68.    Defendants admit the allegations of Paragraph 68 of the Complaint to the extent that the Offit Strategies Team acted properly and prudently at all times relevant.  Defendants deny the remaining allegations of Paragraph 68 of the Complaint.

69.    Defendants deny the allegations of Paragraph 69 of the Complaint.

70.    Defendants admit the allegations of Paragraph 70 of the Complaint to the extent that, in December 2008, the Finast Plan, the Office Plan, and the Building Plan were transitioned from the Evergreen Core Bond Fund to the PIMCO Total Return Fund.  Defendants deny the remaining allegations of Paragraph 70 of the Complaint.

71.    Defendants deny the allegations of Paragraph 71 of the Complaint.  By way of further answer, the allegations are vague, without time reference, constitute mere opinion.

72.    Defendants deny the allegations of Paragraph 72 of the Complaint.

73.    Defendants deny the allegations of Paragraph 73 of the Complaint.

74.    Paragraph 74 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, Defendants deny the allegations of Paragraph 74 of the Complaint.

75.    Paragraph 75 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, it incorrectly summarizes ERISA § 404 and, therefore, Defendants deny the allegations of Paragraph 75 of the Complaint.

76.    Paragraph 76 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, it incorrectly summarizes ERISA § 409 and, therefore, Defendants deny the allegations of Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, it incorrectly summarizes ERISA § 404 and, therefore, Defendants deny the allegations of Paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, it incorrectly summarizes ERISA § 404 and, therefore, Defendants deny the allegations of Paragraph 78 of the Complaint.

79.     Defendants admit that Plaintiffs have attempted to quote ERISA § 405(a).

80.     Defendants deny the allegations of Paragraph 80 of the Complaint.

## COUNT I

81.     Defendants incorporate their responses above herein.

82.     Defendants deny the allegations of Paragraph 82 of the Complaint, purporting to characterize the contents of the Investment Agreement, on grounds that the document speaks for itself.

83.     Defendants deny the allegations of Paragraph 83 of the Complaint, purporting to characterize the contents of the Investment Agreement, on grounds that the document speaks for itself.  By way of further answer, Paragraph 83 of the Complaint contains conclusions of law to which no response is required.

84.     Paragraph 84 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, it incorrectly summarizes ERISA § 404 and, therefore, Defendants deny the allegations of Paragraph 84 of the Complaint.

85.     Paragraph 85 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, it incorrectly summarizes ERISA § 404 and, therefore, Defendants deny the allegations of Paragraph 85 of the Complaint.

86.     Paragraph 86 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, it incorrectly summarizes ERISA § 404 and poses a hypothetical situation to which no response is required, therefore, Defendants deny the allegations of Paragraph 86 of the Complaint.

87.     Defendants deny the allegations of Paragraph 87 of the Complaint.

88.     Defendants deny the allegations of Paragraph 88 of the Complaint.

89.     Defendants deny the allegations of Paragraph 89 of the Complaint.

90.     Defendants deny the allegations of Paragraph 90 of the Complaint.

91.     Defendants deny the allegations of Paragraph 91 of the Complaint.  By way of further answer, Defendants deny they breached any alleged duty of whatever nature and that any action or failure to act on the part of any Defendant caused any actionable injury.

92.     Defendants deny the allegations of Paragraph 92 of the Complaint.

**COUNT II**

93.     Defendants incorporate their responses above herein.

94.     Paragraph 94 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, Wachovia denies the allegations of Paragraph 94 of the Complaint.  Because the allegations of this Paragraph do not refer or relate to the other, remaining Defendants, the allegations do not require a response from the remaining Defendants. To the extent that a response may be required, after reasonable investigation, the remaining Defendants are without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations contained in Paragraph 94 of the Complaint, and accordingly, those allegations are denied.

95.     Paragraph 95 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, Wachovia denies the allegations of Paragraph 94 of the

Complaint. Because the allegations of this Paragraph do not refer or relate to the other, remaining Defendants, the allegations do not require a response from the remaining Defendants. To the extent that a response may be required, after reasonable investigation, the remaining Defendants are without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations contained in Paragraph 95 of the Complaint, and accordingly, those allegations are denied.

96.    Defendants deny the allegations of Paragraph 96 of the Complaint.

97.    Wachovia denies the allegations of Paragraph 97 of the Complaint.  By way of further answer, Wachovia denies it breached any alleged duty of whatever nature and that any action or failure to act on its part caused any actionable injury.

98.    Wachovia denies the allegations of Paragraph 98 of the Complaint.

**COUNT III**

99.    Defendants incorporate their responses above herein.

100.    Paragraph 100 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, Defendants deny the allegations of Paragraph 100 of the Complaint.

101.    Paragraph 101 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, Defendants deny the allegations of Paragraph 101 of the Complaint, which are argumentative.

102.    Defendants deny the allegations of Paragraph 102 of the Complaint.  By way of further answer, Defendants deny they breached any alleged duty of whatever nature and that any action or failure to act on the part of any Defendant caused any actionable injury.

103.    Defendants deny the allegations of Paragraph 103 of the Complaint.

**COUNT IV**

104.    Defendants incorporate their responses above herein.

105.    Defendants deny the allegations of Paragraph 105 of the Complaint, purporting to characterize the contents of the Investment Agreement, on grounds that the document speaks for itself.  By way of further answer, Paragraph 105 of the Complaint contains conclusions of law to which no response is required.

106.    Defendants deny the allegations of Paragraph 106 of the Complaint, purporting to characterize the contents of the Investment Agreement, on grounds that the document speaks for itself.  Paragraph 106 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, Defendants deny the allegations of Paragraph 106 of the Complaint.

107.    Defendants deny the allegations of Paragraph 107 of the Complaint.

108.    Defendants deny the allegations of Paragraph 108 of the Complaint, purporting to characterize the contents of the Investment Agreement, on grounds that the document speaks for itself.  Paragraph 108 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, Defendants deny the allegations of Paragraph 108 of the Complaint.

109.    Defendants deny the allegations of Paragraph 109 of the Complaint.

110.    Defendants deny the allegations of Paragraph 110 of the Complaint.

111.    Defendants deny the allegations of Paragraph 111 of the Complaint.

112.    Defendants deny the allegations of Paragraph 112 of the Complaint.

113.    Paragraph 113 of the Complaint contains conclusions of law to which no response is required.  By way of further answer, Defendants deny the allegations of Paragraph 113 of the Complaint.

114.    Paragraph 114 of the Complaint merely states Plaintiffs' intent, to which no response is required.  To the extent that a response may be required, Defendants deny the allegations contained in Paragraph 114 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, and estoppel.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because plaintiffs are not as a matter of law entitled to the forms of relief they seek in this action.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk that any investment of any sort could result in a loss.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by a contractual statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they failed, refused and/or neglected to mitigate or avoid damages they allegedly incurred.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants have complied with all disclosure requirements under all applicable laws and informed Plaintiffs regarding matters concerning investments and risk.  As a mutual fund, the Evergreen Core Bond Fund was and is required to make regular filings with the Securities and Exchange Commission, including a Prospectus, an Annual Report, a Semi-Annual Report, a Statement of Additional Information, and a Quarterly Schedule of Portfolio Holdings.  These documents included extensive disclosures about the investment strategy of the Evergreen Core Bond Fund, identification of the specific securities held by the Evergreen Core Bond Fund, and explanation of the risks related to the various types of assets held in the Evergreen Core Bond Fund.  For additional discussion of Defendants' disclosures related to the Evergreen Core Bond Fund, see Defendants' Brief in Support of Motion to Dismiss, pages 5-9 and 22-25, which was filed with this Court and served on Defendants on April 17, 2009, as well as the exhibits thereto which include the Evergreen Core Bond Fund's Prospectuses for 2008, 2007, and 2006 (exhibits A, B, and C, respectively); Annual Report dated April 30, 2008 (exhibit D); Semi-Annual Report dated October 31, 2008 (exhibit E); and Quarterly Schedules of Asset Holdings dated January 31, 2008 (exhibit F) and July 31, 2007 (exhibit G).  With respect to Plaintiffs' separately managed account at issue in this case, *i.e.*, the Pension Fund, Defendants sent Plaintiffs monthly statements which identified the specific securities in which the Pension Fund was invested, the amount of such investment, and any activity related to such investment.  Defendants' representatives also met with Plaintiffs' representatives routinely from 2006 through 2008, at which meetings Plaintiffs were advised about the status of their investments being managed by Defendants, including performance, investment allocation, and market risks.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that the Complaint purports to state claims on behalf of any Union or Union local, plaintiffs' claims are barred, in whole or in part, because they lack standing to maintain this action.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs are themselves liable for any losses due to their failure to accurately and timely disclose and inform Defendants regarding the accepted level of risk they were willing to accept, and any concern they had concerning the market, the economy or the investments of their plan or trust.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs acknowledged, agreed to, and established the level of risk their portfolios would have at all relevant periods and instructed the Defendants to invest accordingly.

Defendants reserve the right to assert additional affirmative defenses.

Dated:  December 14, 2009                    Respectfully submitted,

                                             s/Diane A. Bettino
                                             Diane A. Bettino
                                             Attorney for Defendants,
                                             Wachovia Bank, N.A., Evergreen Investment
                                             Management Company, LLC, and Tattersall
                                             Advisory Group

PRO HAC VICE ATTORNEY INFORMATION:
        Thomas L. Allen, Esquire
        REED SMITH, LLP
        225 Fifth Avenue
        Pittsburgh, PA 15222
        Tel. (412) 288-3131
        tallen@reedsmith.com

**REED SMITH LLP**
*Formed in the State of Delaware*
**Diane A. Bettino, Esquire**
**Princeton Forrestal Village**
**136 Main Street, Suite 250**
**Princeton, N.J. 08540**
**Tel. (609) 987-0050**

**REED SMITH LLP**
*Formed in the State of Delaware*
**Thomas L. Allen, Esquire**
**435 Sixth Avenue**
**Pittsburgh, PA 15219**
**Tel. (412) 288-3131**

**Attorneys for Defendants,**
**Wachovia Bank, N.A., Evergreeen Investment**
**Management Company, LLC, and Tattersall**
**Advisory Group**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY – NEWARK VICINAGE**

------------------------------------------------------X

TRUSTEES OF THE LOCAL 464A
UNITED FOOD AND COMMERCIAL        :   Civil Action No: 2:09-cv-668-WJM-MF
WORKERS UNION PENSION FUND,       :
TRUSTEE OF THE LOCAL 464A         :
FINAST PENSION FUND, TRUSTEES     :
OF THE LOCAL 464A OFFICERS,       :
BUSINESS REPRESENTATIVES &        :
OFFICE EMPLOYEES RETIREMENT       :
PLAN, TRUSTEES OF THE LOCAL       :
464A WELFARE AND PENSION          :   **CERTIFICATION OF SERVICE**
BUILDING FUND, and the OFFICERS   :
OF UFCW LOCAL 464A,               :
                                  :
       Plaintiffs,                :
                                  :
       v.                         :
                                  :
WACHOVIA BANK, N.A.,              :
EVERGREEN INVESTMENT              :
MANAGEMENT COMPANY, LLC, and      :
TATTERSALL ADVISORY GROUP,        :
                                  :
       Defendants.                :

------------------------------------------------------X

I hereby certify that on this date, I caused the following documents to be filed, via electronic filing, with the United States District Court for the District of New Jersey:

1.    Amended Answer and Affirmative Defenses of Wachovia Bank, N.A., Evergreen Investment Management Company, LLC, and Tattersall Advisory Group; and

2.    This Certification of Service.

I further certify that I caused copies of these documents to be served via the electronic filing system on all counsel of record:

Peter H. LeVan, Jr.,  Esquire
Edward W. Ciolko, Esquire
Barroway, Topaz, Kessler, Meltzer & Check, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
*Attorneys for Plaintiffs*

Mark Hanna, Esquire
Murphy Anderson, PLLC
1701 K Street, NW, Suite 210
Washington, DC 20006
*Attorneys for Plaintiffs*

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


s/Diane A. Bettino
Diane A. Bettino

Dated:  December 14, 2009