Joseph H. Meltzer
Peter H. LeVan, Jr.
Shannon O. Lack
Tyler S. Graden
BARROWAY TOPAZ KESSLER
 MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706

George Murphy
Mark Hanna
MURPHY ANDERSON PLLC
1389 Broad St.
Clifton, NJ 07013
(973) 916-0999

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE LOCAL 464A UNITED FOOD AND COMMERCIAL WORKERS UNION PENSION FUND, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> WACHOVIA BANK, N.A., ET AL., <br><br> Defendants. | Civil Action No. 2:09-cv-00668 <br> Honorable William J. Martini |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPEAL FROM MAGISTRATE JUDGE MARK FALK'S ORDER DATED OCTOBER 6, 2010**

# TABLE OF CONTENTS

I. ARGUMENT ........................................................................................ 1

A. Defendants Ignore Plaintiffs' Diligent Efforts in Fall 2009 to Obtain Discovery ........................................................................ 1

B. Defendants Exaggerate the Effect of Plaintiffs' Amendment .............. 5

C. Defendants Cannot Show Undue Delay ............................................... 6

II. CONCLUSION ..................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Lorenz v. CSC Corp.*,
   1 F.3d 1406 (3d Cir. 1993) .................................................................................. 6

*USX Corp. v. Barnhart*,
   395 F.3d 161 (3d Cir. 2004) .................................................................................. 6

**RULES**

Fed. R. Civ. P. 34(b)(1)(C) ........................................................................................ 2

Fed. R. Civ. P. 15 ...................................................................................................... 1

Fed. R. Civ. P. 16 ...................................................................................................... 1

In their Opposition to Plaintiff's Appeal from Magistrate Judge Mark Falk's Order Dated October 6, 2010 ("Defs.' Opp."), Defendants utterly ignore their part in rendering the Scheduling Order "stale" and unduly exaggerate the effect that Plaintiffs' minor pleading amendment would have on this case. Despite Plaintiffs' timely service of document requests, Defendants failed to produce responsive documents in the requested format until well after the December 31, 2009 deadline for amending pleadings had passed. Thus, as a result of Defendants' own improper conduct, the Scheduling Order *had already become* "stale" by December 31, 2009 and Judge Falk should have applied the liberal amendment standard of Rule 15. In any event, Defendants' unjustified delay in providing responsive materials provides Plaintiffs with "good cause" under Rule 16 for not moving to amend earlier.

**I.     ARGUMENT**

   **A.     Defendants Ignore Plaintiffs' Diligent Efforts in Fall 2009 to Obtain Discovery**

Although Defendants' lengthy factual summary takes up almost half of their 16 page response, it notably lacks mention of any efforts on Defendants' part to comply with Plaintiffs' discovery requests. Instead, after acknowledging that the Court denied Defendants' motion to dismiss in July 2009, that the parties filed a Joint Discovery Plan in August 2009, and that Plaintiffs responded to Defendants' initial set of interrogatories in November 2009, Defendants *fast forward* to August

1

2010, when Plaintiffs by letter to Judge Falk requested leave to file an Amended Complaint. Defs.' Opp. at 2.

Contrary to Defendants' portrayal, in the interim Plaintiffs diligently pursued discovery, only to be met with steadfast resistance by Defendants. On July 27, 2009, less than two weeks after the Court denied Defendants' motion to dismiss, Plaintiffs served their First Request for Production of Documents ("Requests") on Defendants. (Ex. H to Plaintiffs' Appeal).[1] Had Defendants answered the Requests in a timely fashion, Plaintiffs would have had sufficient information to file an Amended Complaint before the December 31 deadline.

Request Nos. 12-16 sought all documents concerning Defendants' investment decisions for each of the Plaintiff Plans during the relevant period. Request Nos. 46-50, 55, 60, 78 and 84-86 sought all holdings and transactional data for the Plaintiffs Plans and specific information about the investments, including value, liquidity and price. Finally, Request Number 21 specifically sought: "All documentation, including communications, concerning Defendants' decision to limit investment of the Plain's fixed-income assets in ***corporate bonds***." Id., No. 21 (emphasis added). As authorized by Fed. R. Civ. P.

---

[1] Plaintiffs inadvertently attached to their Appeal a copy of Plaintiffs' First Set of Interrogatories rather than a copy of the Requests as intended. Accordingly, a true and correct copy of Plaintiffs' First Request for Production of Documents is submitted with this Reply as Exhibit H-1.

34(b)(1)(C), the Requests specified that responsive information should be produced in native form.

Defendants did not begin providing any documents to Plaintiffs until October 16, 2010, and then only provided a few thousand pages of hard copy documents. After multiple conferences and correspondence regarding Defendants' discovery deficiencies, on December 15, 2009, Plaintiffs wrote to Defendants again renewing their request for the Plans' holding and transactional data in native form. (Ex. E to Plaintiffs' Appeal). Despite Plaintiffs' repeated efforts, Defendants did not produce any of the responsive documents in native form (first requested in July 2009) until February 4, 2010 and March 3, 2010 – well after the December 31, 2009 deadline for amending pleadings had passed.

Defendants' argument that Plaintiffs should have been able to discern Defendants' overall investment strategy by reviewing the hard-copy monthly statements of the Plans – statements which could exceed 400 pages per Plan per month – misses the point: When Plaintiffs served their Requests in July 2009, they anticipated that the requested materials would be timely produced as requested. It was only after Plaintiffs received Defendants' documents in native format that they could effectively and efficiently review, sort and manipulate the data in order to develop an understanding of Defendants' imprudent course of conduct – a process

3

that as a result of Defendants' delays was not feasible until well after December 31, 2009.

Defendants also mistakenly argue that Plaintiffs do not challenge that the Pretrial Scheduling Order was in effect as of December 31, 2001.  Defs.' Opp. 10-11.  To the contrary, this is *exactly* what Plaintiffs assert.  Defendants' quotation from Plaintiffs' Memorandum that "plaintiffs do not contend that the current electronic discovery disputes somehow had invalidated the Pretrial Scheduling Order as of December 31," was misleadingly taken out of context.  The full quote reads:

> Plaintiffs do not contend that the current electronic discovery disputes somehow had invalidated the Pretrial Scheduling Order as of December 31; rather, Plaintiffs contend that Defendants delayed producing the necessary holdings and transactional data in native form until after the December 31 deadline had lapsed and that they should not benefit from their own dilatory conduct.  It was Defendants' improper delay in producing the requested data in native form – not the parties' current electronic discovery disputes – that made it impossible for Plaintiffs to seek leave to amend the Complaint prior to the deadline set forth in the Pretrial Scheduling Order.

Plaintiffs' Memo at 10.  As is readily apparent from a full reading of Plaintiffs' Memorandum, Plaintiffs acknowledge that the current discovery disputes, which involve Defendants' attempt to renege on their prior agreement to undertake a two-step approach to document production, has no bearing on the December 31 amendment deadline.  Indeed, by now documents required for amendment have

4

indisputably been produced. Instead, it was Defendants' failure to produce the requested documents by December 31, 2009 which rendered the deadline stale.

But for Defendants' non-compliance with their discovery obligations, Plaintiffs could have moved to file an amended complaint within the time frame originally contemplated by Scheduling Order. Instead, Defendants delayed, rendering the Scheduling Order "stale" and making it impossible for Plaintiffs to move in good faith to file an amended complaint before the December 31 deadline.

### B. Defendants Exaggerate the Effect of Plaintiffs' Amendment

While ignoring Plaintiffs' diligent efforts to gather discovery, Defendants also grossly exaggerate the efforts they would purportedly have to take if the Court permits Plaintiffs to file an amended complaint. Plaintiffs' proposed amendment does not add parties or alter the overall theory of Plaintiff's case; instead, the amendment merely seeks to make a factual distinction between financial sector corporate debt and corporate debt generally.

As Defendants acknowledge, corporate bonds have always been a part of this case. *See* Defs.' Opp. 14, fn. 2. Indeed, Plaintiffs' Request Number 21 – served in July 2009 – specifically sought documentation concerning investment of the Plan's fixed-income assets in **corporate bonds**. Plaintiffs' proposed Amended Complaint merely clarifies that Defendants imprudently underweighted non-financial sector corporate bonds and imprudently invested in risky financial sector

5

corporate bonds. Defendants do not explain – nor is any explanation readily apparent – how this clarification would somehow require Defendants' experts to change their position with respect to the prudence of Defendants' investments in corporate bonds.

### C.  Defendants Cannot Show Undue Delay

Implicitly acknowledging the absence of any real prejudice, defendants argue that Plaintiffs' proposed amendment would cause "undue delay." The cases upon which Defendants rely, however, amply demonstrate how far a party must go before a delay is considered "undue" – a threshold that Defendants do not even come close to establishing here. In <u>Lorenz v. CSC Corp.</u>, 1 F.3d 1406 (3d Cir. 1993), for example, the proposed amendment was requested three years after the action was filed and nearly two years after the complaint was amended for the second time. <u>Id.</u>, at 1414. Finding that most of the facts were available to plaintiff *before* she filed her *first amended* complaint, the Court denied leave to amend – not simply due to the delay alone but because the plaintiff had already been given multiple opportunities to amend and the proposed amendment was futile. <u>Id</u>.

Similarly, in <u>USX Corp. v. Barnhart</u>, 395 F.3d 161 (3d Cir. 2004), the Court denied plaintiff leave to file a third amended complaint, four years after plaintiff initially filed her complaint and after the Court had already entered summary judgment.

Here, of course, this is Plaintiffs' first attempt to file an amended complaint and the parties are nowhere near the summary judgment stage. As Magistrate Judge Falk expressly recognized at the hearing, "the case is really starting" and "we're very early in the case." Tr. at 27:10-13. Any delay in seeking leave to amend simply cannot be considered "undue."

## II.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court overrule the Order of the Honorable Mark Falk, U.S.M.J., dated October 6, 2010, and grant Plaintiffs leave to file an Amended Complaint.

Respectfully submitted,

**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**

Date: November 8, 2010         By:  /s/ Peter H. LeVan, Jr.
                                    Joseph H. Meltzer
                                    Peter H. LeVan, Jr.
                                    Shannon O. Lack
                                    Tyler S. Graden
                                    280 King of Prussia Road
                                    Radnor, PA 19087
                                    (610) 667-7706

Mark Hanna
**MURPHY ANDERSON PLLC**
1701 K Street NW
Suite 210
Washington, DC 20006
(202) 223-2620

*Attorneys for Plaintiffs*

Joseph H. Meltzer
Peter H. LeVan, Jr.
Shannon O. Lack
Tyler S. Graden
BARROWAY TOPAZ KESSLER
 MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706

George Murphy
Mark Hanna
MURPHY ANDERSON PLLC
1389 Broad St.
Clifton, NJ 07013
(973) 916-0999

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE LOCAL 464A UNITED FOOD AND COMMERCIAL WORKERS UNION PENSION FUND, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> WACHOVIA BANK, N.A., ET AL., <br><br> Defendants. | **CERTIFICATE OF SERVICE** <br><br> Civil Action No. 2:09-cv-00668 <br> Honorable William J. Martini |

1

2

I hereby certify that on November 8, 2010, a true and correct copy of the foregoing was served electronically upon the following counsel, in accordance with Local Rule of Civil Procedure 5.2(14)(b)(1), through the Court's ECF system:

> Diane A. Bettino
> dbettino@reedsmith.com
>
> Thomas L. Allen
> tallen@reedsmith.com
>
> George M. Linge
> glinge@reedsmith.com
>
> *Counsel for Defendants*

/s/ Peter H. LeVan, Jr.
Peter H. LeVan, Jr.